Richard P. Sybert, Bar No. 80731
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Tel (760) 476-1990 / Fax (760) 841-2375

Attorneys for Plaintiff
LANARD TOYS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD TOYS LIMITED | CASE NO. |
|                   Plaintiff, | **COMPLAINT FOR** |
| vs. | **1) COPYRIGHT INFRINGEMENT [17 U.S.C. §101 *ET SEQ*];** |
| LALTITUDE LLC | **2) TRADE DRESS INFRINGEMENT [15 U.S.C. §1125(A)];** |
|                   Defendant. | **3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE** |
| | **4) NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE** |
| | **5) CALIFORNIA UNFAIR COMPETITION; [Cal. B.&P. Code §17200 *et seq*.].** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     Plaintiff Lanard Toys Limited ("Lanard" or "Plaintiff") hereby alleges the following as its Complaint against Defendant Laltitude LLC ("Laltitude" or "Defendant").

/ / /

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

## NATURE OF THE ACTION

2.     This is an action for copyright infringement, trade dress infringement, intentional and negligent interference with prospective business advantage, and unfair competition, arising from Defendant's past and maybe continued unauthorized copying and use of a distinctive copyright protected toy engine embodied in products sold by Lanard, including at least its "Workman-Engine Builder Kit." Defendant's misappropriation and intentional conduct in selling, and continuing to sell, its "Educational Constructable Motor Engine" has irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

## JURISDICTION AND VENUE

3.     This is an action for damages and injunctive relief against Defendant arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and includes related claims for intentional and negligent interference with prospective business advantage, and unfair competition arising under state law.

4.     This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq*.), the Lanham Act (15 U.S.C. §§ 1051 *et seq*.), and includes claims of intentional and negligent interference with prospective business advantage, and unfair competition that are joined with substantially related claims under the copyright and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

5.     This Court has supplemental jurisdiction over the state law claim of this complaint pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b), as a substantial part of the events giving rise to the claims in this complaint occurred in this judicial district.

*Left margin vertical text:* **Gordon Rees Scully Mansukhani, LLP** 5901 Priestly Drive, Suite 308 Carlsbad, CA 92008

1   Lanard has a wholly-owned design subsidiary through which it does business,
2   employs people, and maintains property. Defendant resides within this judicial
3   district, within the meaning of 28 U.S.C. § 1391(c).

4         7.     Upon information and belief, Defendant regularly conducts business
5   in this district and throughout the United States, and actively engaged in
6   promoting, advertising, marketing, and/or offering products within this judicial
7   district, including the accused products at issue in this lawsuit.  Defendant's
8   contacts with this district are sufficient to confer personal jurisdiction over
9   Defendant.

10   **PARTIES**

11         8.     Plaintiff Lanard Toys Limited is a Hong Kong company with its
12   principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun
13   Tong, Kowloon, Hong Kong.  Lanard manufactures and sells toys throughout the
14   world, including to companies in the United States.

15         9.     Upon information and belief, Defendant Laltitude is a California
16   company with its principal place of business at 17128 Colima Road, Suite #209,
17   Hacienda Heights, California 91745. On information and belief, Laltitude sells
18   products through the "Picasso Tiles" brand.

19   **BACKGROUND**

20   **Lanard And Its Distinctive Toy Engine Product**

21         10.    Lanard is a leading manufacturer and seller of toys throughout the
22   world, including sales on a private label basis to other toy retailers.

23         11.    In 2008, Lanard's designers developed a unique and original toy
24   engine product. The product is an expression of the V-Twin engine.

25         12.    By way of background, motorcycle engines come in many different
26   configurations with respect to two cylinders and their arrangement with the
27   crankshaft.  As one example, the V-Twin engine included cylinders at an angle
28   with respect to the crankshaft.  However, BMW, for example, then used a flat-twin

*Gordon Rees Scully Mansukhani, LLP*
*5901 Priestly Drive, Suite 308*
*Carlsbad, CA 92008*

configuration (or "flat engine"), with the cylinders aligned along the frame and therefore with the crankshaft running transverse to the frame. The cylinders in the flat-twin configuration run horizontally and have no angle as opposed to the V-Twin. A comparison of the V-Twin and flat twin (right) is provided below:

 

13.     There are a variety of engine structures with the V-Twin engine category. Harley Davidson uses a 45-degree angle in the Harley-Davidson V-twin, but other manufacturers have varied this angle to reduce vibration. Generally speaking, a two-cylinder engine with the cylinders arranged at any angle greater than zero degrees and less than 180 degrees may be classified as a V-twin.[1] Examples of various V-Twin engines are provided below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] https://en.wikipedia.org/wiki/V-twin_engine

**Gordon Rees Scully Mansukhani, LLP**
5901 Priestly Drive, Suite 308
Carlsbad, CA  92008

**Gordon Rees Scully Mansukhani, LLP**
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008








14.    As shown above, each engine above is a different style of V-Twin engine. Not only is the angle configuration different, the cylinders are structured differently. More particularly, the fins on the cylinder provide additional surface area for air to pass over the cylinder and absorb heat, and from the images, the structure and arrangement of the fins vary tremendously on each respective cylinder.

15.    Cylinders further include pushrods, and as seen from the images above, the pushrods are not necessarily outside and angled the same with the cylinders. In fact, as seen above, the pushrods can come in different structures, can be angled differently, and even be enclosed within the cylinder itself.

16.    Engine cases house the crankshaft. In the V-Twin examples above, each crankcase is different in at least shape and size. Therefore, V-Twin engines can have a variety of different shapes and sizes for the engine case.

17.    Taken together, except for the fact that in each case the cylinder forms an angle with respect to the case, each of the above is a different expression of, and is considered to be, a V-Twin engine. As a result, the idea of a V-Twin engine is limited to that particular angle and not any other features as set out below.

18.    As shown below, Lanard created an original expression of the V-Twin engine by its use of size, shape, arrangement, and color combinations of features other than the angle of the cylinders, and in doing so further, provided the ability for the product to be disassembled and reassembled as a children's toy, allowing children to be able to turn the crank to watch the pistons pump and hear the engine rev.

19.    Lanard called its toy, among other terms, the "Workman-Engine Builder Kit" (hereinafter "Toy Engine").   A photograph of an example of the toy in point-of-sale packaging is shown below.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA  92008

- 6 -
COMPLAINT

1
2
3
4
5
6
7
8
9
10



Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

11   20.    Lanard published its work in 2008 (hereinafter "Lanard's Design" or
12 "Toy Engine").   It submitted a copyright application for the subject matter to the
13 United States Copyright Office and received a registration for the same; the United
14 States Copyright Office providing Registration No. VAU1-005-788. A true and
15 accurate copy of the registration, is attached hereto as Exhibit A (hereinafter
16 "Lanard's Registration). Since that time, Lanard has remained the sole owner of
17 the copyright.

18   21.    The overall or visual appearance of Lanard's Design including its
19 size, shape, arrangement, color combinations is one-of-a-kind. There has been no
20 comparable product on the market up to and including the last twelve (12) years.
21 As a result of being the exclusive product on the market, the sales of the Toy
22 Engine have been significant, continuous, and substantial, and Lanard's
23 particularized expression and design has become a source identifier and has
24 secondary meaning in the relevant market.

25   22.    Lanard's Toy Engine has been a success in the market, with major
26 United States retailers, including Wal-Mart, Albertsons, and Hobby Lobby making
27 substantial sales of the product.
28 / / /

23.     By virtue of significant sales, quality and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with the trade dress associated Lanard's Design.

24.     Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in the Toy Engine has become well known to consumers and the trade by widespread, continuous, and exclusive use thereof.  The purchasing public and customers of Lanard associate the trade dress associated with its Toy Engine exclusively with Lanard.

25.     The Toy Engine, in part, is able to be disassembled and reassembled, however, this feature is not essential to the use or purpose of the Toy Engine nor does it affect the cost or quality. Further, alternative designs in the market are available to achieve the result of being disassembled/reassembled, therefore Lanard's Design is non-functional.

26.     As a result of the foregoing, the relevant public has come to recognize an association between the trade dress associated with the Toy Engine and Lanard, and have come to understand toy engines having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard, thus the trade dress associated with Lanard's Design has secondary meaning.

## **Laltitude's Wrongful Conduct**

27.     Laltitude is now and has been offering for sale in this district, and elsewhere in the United States, unauthorized and infringing copies of Lanard's copyright and trade dress in its Toy Engine.

28.     A picture of the "Educational Constructable Motor Engine" product offered by Laltitude is reproduced below ("Accused Product") and Lanard's Registration No. VAU1005788 is provided below.

/ / /

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA  92008

COMPLAINT

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

| ACCUSED PRODUCT | LANARD'S REG. NO. VAU1005788 |
|---|---|
| <br> |  |

29.    As set out below, the unauthorized Accused Product copies the original and protectable expression in Lanard's Design. Separate from the fact that both the Accused Product and Lanard's Registration include "V" angled cylinders, as shown in common V-Twin engines, the Accused Product and Lanard's Registration are virtually identical.

30.    As shown herein, crankcases on V-Twin engines come in a variety of shapes and sizes. Lanard's original shape, color and <u>open design of its engine case</u>

- 9 -
COMPLAINT

is an original work of authorship. The engine cases between the Accused Product and Lanard's Registration are <u>identical</u>. Both engine cases are comprised of five (5) sides, so they have the same pentagon styled shape. Further, both engine cases include a nodule on the left side of the case. Most importantly, both engine cases are expressed as being <u>open</u> and otherwise expose the gearing and belt that aligns with the crankshaft.[2] The detail within the open crankcase are original works of authorship including the choice of using a larger gear under the cylinders (and not the smaller as is the usual convention), the choice to only use two gears as opposed to multiple, and the arrangement of the two gears to the work as a whole.

31.     Lanard's original shape, color and <u>design of its push rods</u> are an original work of authorship.  A comparison between the Accused Product and Lanard's Registration reveals that the pushrods on both engines are in fact identical. As shown above, pushrods on V-Twin engines come in a variety of arrangements and structure; some fully embedded into the cylinder. In comparing the engines, the pushrods are identical in structure and angle, and most importantly, connect with the cylinder in the exact same way; both beginning at the base of the crankcase and ending at the valve cover.

32.     The Accused Product and Lanard's Registration both express the distributor and spark plug wires identically. Again, the location, color, wiring and spark plug caps, in combination are all original works of authorship.  These features can be placed in a variety of locations around the engine compartment, however, Laltitude intentionally placed the distributor between the cylinders and used the same coloring scheme, wiring and spark plug caps as shown in Lanard's Registration.

33.     The cylinders in both Lanard's Registration are original works of authorship, and upon comparison with Lanard's Registration, the Accused Product

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA  92008

---

[2] An expression of an open engine case is not part of the idea of a V-Twin engine, and is otherwise an original work of authorship.

1  is substantially similar. The connection between the points that house the spark

2  plugs (not shown) to the spark plug caps are identical. These come in a variety of

3  shapes and sizes in the market, yet are virtually indistinguishable in this case.

4       34.    The fins attached to the cylinder are original works of authorship, and

5  are of the same arrangement and structure in both Lanard's Registration and the

6  Accused Product. Furthermore, the Lanard's original attachment points placed

7  around the cylinders are identical in number and location in the Accused Device.

8       35.    Based on a comparison of least the above features, Laltitude

9  intentionally copied the original expression in Lanard's Registration and is

10  marketing, advertising, and selling the Accused Product, which is substantially

11  similar to Lanard's copyrighted work.

12       36.    A picture of the Accused Product offered under the Picasso Tiles

13  brand is reproduced as well as the trade dress associated with Lanard's Design

14  below:[3]

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28  _____

[3] https://www.amazon.sg/PicassoTiles-Building-Assembly-Construction-Educational/dp/B08BF3PRXM

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

COMPLAINT

| ACCUSED PRODUCT | LANARD'S TRADE DRESS |
|---|---|
|  | |

37.     The Accused Product copies the features associated with the trade dress in Lanard's Design.  More particularly, similar to Lanard's Registration, the color schemes associated with the two products and the arrangement are identical.

38.     The engine cases in the Accused Product and the trade dress of Lanard's Design, while of the same shape, are both colored red. Further, the cylinders and open gearing system within the red engine cases are colored gray. The pushrods are chrome.

39.     The expression of the two cylinders associated with the engine are the same, including the push rods that extend up the middle of the cylinder. The push rods are not only the same structure, but also form the same angle with respect to the engine case. The fin structure on the outside of the cylinder is similar as well as the distributor and spark plug cables. Also the gearing in the open case design is identical in number and arrangement. Lastly, the attachment points are in the exact same position in both products.

/ / /

40. Because of Lanard's unmistakable trade dress and original work, the relevant public has and continues to be deceived and/or confused into believing that Laltitude's Accused Product originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

41. Laltitude's unauthorized reproduction of Lanard's trade dress has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's trade dress and Lanard.

42. Laltitude's unauthorized copying has been willful, and in doing so, Laltitude intentionally or negligently interfered with Lanard's business relations by offering to sell the Accused Product, thereby wrongfully diverting sales from Lanard.

43. Laltitude's unauthorized copying, promotion, and sale of the infringing products has caused Lanard irreparable financial harm.

44. Upon information and belief, by the acts alleged above, Laltitude has made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement Under 17 U.S.C. § 101 et seq.

45. Lanard realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Lanard has established protection in the design of its Toy Engine packaging and its design constitutes copyrightable subject matter under the copyright laws of the United States. Lanard is the owner of U.S. Copyright Registration No. VAU1-005-788 directed to the design. Lanard is the owner of all right, title, and interest in and to the copyright in this design.

47. Defendant's copying and use of Lanard's copyrighted subject matter is a violation of Lanard's exclusive rights to the original work of authorship, including but not limited to the exclusive right to make reproductions and

distribute copies to the public.  The infringing copies include at least the Accused Product.

48.    Upon information and belief, the acts of Laltitude were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

49.    The aforesaid infringement by Laltitude has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business.  Lanard has no adequate remedy at law.

<u>**SECOND CLAIM FOR RELIEF**</u>

<u>**Trade Dress Infringement Under 15 U.S.C. § 1125(a)**</u>

50.    Lanard realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.    Laltitude's use of Lanard's trade dress in commerce, including the trade dress in Lanard's Toy Engine product, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendant's goods by Lanard, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

52.    The acts by Laltitude were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights and were done with full knowledge of the falsity of the designation of origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Laltitude's products.

53.    As a result of the likelihood of confusion that now exists in the marketplace, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

54.    Laltitude has made substantial profits based on its unauthorized sales of the Accused Product.

55.    The aforesaid infringement by Laltitude has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business.  Lanard has no adequate remedy at law.

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA  92008

**THIRD CLAIM FOR RELIEF**

**Intentional Interference with Prospective Business Advantage**

56.     Lanard realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     By the aforesaid acts, Laltitude is interfering with Lanard's prospective and actual business advantage and advantageous relationships with authorized dealers, distributors and retailers, without justification, thereby causing damage to Lanard.

58.     On information and belief, Lanard alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon Lanard's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Lanard damage.

**FOURTH CLAIM FOR RELIEF**

**Negligent Interference with Prospective Business Advantage**

59.     Lanard realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     By the aforesaid acts, Laltitude is interfering with Lanard's prospective and actual business advantage and advantageous relationships with authorized dealers, distributors and retailers, without justification, thereby causing damage to Lanard.

61.     On information and belief, Lanard alleges that the aforesaid acts were committed negligently, and as a consequence, resulted in trading upon Lanard's goodwill and business reputation, with the lack of right to do so, and said acts have caused Lanard damage.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

**FIFTH CLAIM FOR RELIEF**

**Unfair Competition Under California**

**Bus. & Prof. Code § 17200 *et seq.***

62.     Lanard realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     The aforementioned acts by Laltitude in causing confusion among the relevant public and causing a false association or sponsorship between Laltitude's goods and Lanard, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200, *et seq*.

64.     The acts by Laltitude were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

65.     As a result of Laltitude's unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

66.     Laltitude has made substantial profits based on its unauthorized sales of the Accused Product.

67.     Upon information and belief, the aforesaid conduct by Laltitude has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business.  Lanard has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lanard demands judgment as follows:

A.     A declaration that Laltitude has willfully infringed Lanard's copyrighted works;

B.     A preliminary and permanent injunction enjoining Laltitude, its officers, agents, servants, employees, attorneys, and those in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from copying, distributing, selling, reproducing, or preparing derivative

- 16 -

works of any original works of authorship of Lanard, ordering Laltitude to cancel all orders for the Accused Products and those substantially similar to Lanard's copyrighted works, ordering Laltitude to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products substantially similar to Lanard's copyrighted works and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Laltitude to recall any and all infringing goods, or other products substantially similar to Lanard's copyrighted works;

C.      A declaration that Laltitude willfully infringed Lanard's trade dress;

D.      A preliminary and permanent injunction enjoining Laltitude, its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1.      utilizing or imitating Lanard's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress which is confusingly similar to the overall trade dress of Lanard's goods;

2.      injuring the commercial reputation, renown, and goodwill of Lanard;

3.      interfering with Lanard's prospective business advantage; and

4.      unfairly competing with Lanard in any manner whatsoever and ordering Laltitude to cancel all orders for the Accused Product embodying trade dress confusingly similar to Lanard's trade dress, ordering Laltitude to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or

COMPLAINT

**Gordon Rees Scully Mansukhani, LLP**
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

relating to the infringing products, or other products incorporating trade dress confusingly similar to Lanard's trade dress and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Laltitude to recall any and all infringing goods, or other products incorporating trade dress confusingly similar to Lanard's trade dress;

E.      An award to Lanard of its actual damages and for all profits realized by Laltitude in connection with its infringing activities;

F.      An award to Lanard of treble, statutory, exemplary, and/or punitive damages;

G.      An award to Lanard of its reasonable attorney fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a), filing fees, and the costs of this action;

H.      Prejudgment and post judgment interest on the above monetary awards; and

I.      Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated:  June 4, 2021                          Respectfully Submitted,

                                              GORDON REES SCULLY
                                              MANSUKHANI, LLP


                                              By:   _/s/Richard Sybert_____
                                                    Richard P. Sybert
                                                    Attorneys for Plaintiff
                                                    LANARD TOYS LIMITED

**Gordon Rees Scully Mansukhani, LLP**
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008

6001420/58733114v.1

- 18 -
COMPLAINT